**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 06–70034.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2007.*

Filed Nov. 9, 2007.

Regional Director, National Labor Relations Board, Phoenix, AZ, Aileen A. Armstrong, Esq., Meredith L. Jason, Daniel A. Blitz, Esq., Stacy G. Zimmerman, National Labor Relations Board Contempt Litigation & Compliance Branch, Washington, DC, for Petitioner.

Howard J. Kaufman, Senior Counsel, United States Postal Service Office of Labor Law, Michael J. Gan, Attorney, Peer & Gan LLP, Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

The National Labor Relations Board applies for enforcement of its October 25, 2005, Decision and Order, 345 NLRB No. 100, pursuant to 29 U.S.C. § 160(e). The Board upheld an Administrative Law Judge's ruling that the Postal Service's national guideline requiring that instructors at its rural letter carrier academies be union members violated Section 8(a)(1) of the National Labor Relations Act. The Board also upheld most of the ALJ's remedial orders including, *inter alia*, that the Postal Service post remedial notices at each postal facility throughout the United States where members of the bargaining unit are employed. The Postal Service objects only to the nationwide posting requirement, arguing that substantial evidence does not support an order for post-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

584

ing anywhere other than at the two post offices in Arizona where the complaints originally arose.

■ A remedial order of the Board may be overturned only when there is a clear abuse of discretion, *United Steel Workers of Am. AFL–CIO–CLC v. NLRB,* 482 F.3d 1112, 1114, 1116 (9th Cir.2007), or when the Board's factual findings are not supported by substantial evidence. *East Bay Auto. Council v. NLRB,* 483 F.3d 628, 633 (9th Cir.2007). As the evidence showed that the illegal union membership requirement was contained in a nationwide guideline, promulgated pursuant to a nationwide collective bargaining agreement, covering all members of the nationwide bargaining unit, the Board did not abuse its discretion in requiring that remedial notices be posted everywhere in the United States where members of the bargaining unit are employed.

**APPLICATION FOR ENFORCEMENT GRANTED.**